IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| APRIL FAVORS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00562-SDJ-CAN |
| v. | § | |
| | § | |
| HOPKINS COUNTY JAIL COURTHOUSE, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On June 27, 2022, *pro se* Plaintiff April Favors ("Plaintiff") filed a complaint in the District Court of Colorado [Dkt. 1], together with an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application to Proceed *In Forma Pauperis*") [Dkt. 3]. Plaintiff's case was subsequently transferred to the Eastern District of Texas, Sherman Division, and referred to the undersigned [Dkts. 8; 9]. Following transfer, Plaintiff's Application was terminated by the Clerk's Office pursuant to Local Rule CV-7(j). On November 14, 2022, the Clerk's Office mailed to Plaintiff the forms necessary to request *in forma pauperis* status and appointment of counsel [*See* docket generally]. However, Plaintiff did not submit the forms back to the Court. Indeed, since the transfer of this case to the Eastern District of Texas, Plaintiff has taken no action in this case. On December 16, 2022, the Court provided Plaintiff an additional opportunity to submit an application to proceed *in forma pauperis* or pay the filing fee [Dkt. 10 at 2]. To date, Plaintiff has not complied with the Court's Order [Dkt. 10].

The instant case is not Plaintiff's only civil case transferred to the Eastern District of Texas; Plaintiff has an earlier-transferred civil case, *Favors v. Hopkins County Jail Courthouse, et. al.*, No. 4:22-cv-245 (the "First Suit"). The instant case appears to stem from Plaintiff's dissatisfaction

with her First Suit being transferred from the District Court of Columbia to the Eastern District of Texas and recommended for dismissal due to her failure to pay the filing fee or request *in forma pauperis* status [Dkt. 1 at 4; First Suit, Dkt. 10]. On January 20, 2023, the Report, recommending dismissal of Plaintiff's First Suit, was adopted by United States District Judge Amos L. Mazzant, III, and that case was closed [First Suit, Dkt. 16]. The undersigned now recommends the instant case be dismissed on the same grounds. It is Plaintiff's responsibility to pay the required filing fee or provide a complete application to proceed *in forma pauperis*. She has done neither and, thus, has failed to prosecute this case. *See* FED. R. CIV. P. 41(b).

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* whenever necessary to 'achieve the orderly and expeditious disposition of cases.'"). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from

compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam).

In the present case, Plaintiff has failed to comply with the Court's Order requiring payment of the filing fee or submission of an application to proceed *in forma pauperis* [Dkt. 10]. Plaintiff's failure prevents this action from proceeding. Thus, the present case should be dismissed. *See Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed"), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis,* No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), report and recommendation adopted, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020).[1]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to act. However, Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE